26-956
*Wheely USA, Inc., et al. v. The City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-six.

PRESENT: DENNIS JACOBS,
SARAH A. L. MERRIAM,
MATTHEW A. SCHWARTZ,
*Circuit Judges*.

---

WHEELY USA, INC., MAYFAIR-NY LLC,
KENSINGTON-NY LLC,

*Plaintiffs-Appellants*,

v. 26-956-cv

THE CITY OF NEW YORK,

*Defendant-Appellee*.

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | ALEXANDER DRYLEWSKI (Boris Bershteyn, Lara A. Flath, Jacob G. Lefkowitz, *on the brief*) Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y. |
| FOR DEFENDANT-APPELLEE: | ELINA DRUKER (Richard Dearing, Rebecca L. Visgaitis, *on the brief*), *for* Steven Banks, Corporation Counsel, New York City Law Department, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 13, 2026, judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Wheely USA, Inc., Mayfair-NY LLC, and Kensington-NY LLC (together, "Wheely"), are for-hire-vehicle ("FHV") companies. Wheely sued defendant-appellee the City of New York (the "City"), bringing a facial challenge to the New York City Taxi and Limousine Commission's ("TLC") Location Reporting Rules, 35 R.C.N.Y. §59B-19, (the "TLC Rules"), under the First and Fourth Amendments to the United States Constitution, the New York State Constitution, and the Stored Communications Act, 18 U.S.C. §§2701 *et seq*. As relevant to this appeal, the TLC Rules require FHV companies to report monthly the "date, the time, and the location of the Passenger pickup and drop-off." 35 R.C.N.Y. §59B-19(a)(1)(i). Disclosing this detailed information, Wheely contends, would permit the City excessive visibility into its customers' activities, which is contrary to Wheely's business model of promising its

customers privacy. Wheely sought declaratory relief and a preliminary and permanent injunction barring enforcement of the TLC Rules.

The District Court ordered that Wheely's "request for a preliminary injunction be consolidated with a determination on the merits of their request for permanent injunctive relief, concluding that the issues presented are legal rather than factual in nature and that discovery would not materially aid their resolution." *Wheely USA, Inc. v. City of New York*, 830 F. Supp. 3d 378, 387 (S.D.N.Y. 2026). The parties did not object to this arrangement. The District Court, after receiving extensive briefing from the parties, as well as from amici curiae, denied Wheely's requests for relief and dismissed the complaint, with prejudice, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. *See id.* at 420. Wheely appealed.

Wheely argues that the District Court erred in holding that the TLC Rules do not violate the Fourth Amendment, or a similar provision of the New York Constitution, Article I, §12.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

**STANDARD OF REVIEW**

"When reviewing a district court's denial of a preliminary injunction, we review the district court's legal holdings de novo and its ultimate decision for abuse of discretion." *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir.

[1] Wheely does not pursue on appeal any of the other claims raised in its complaint.

2011). The same standard of review applies to permanent injunctions. *See Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.*, 764 F.3d 210, 214 (2d Cir. 2014). "The party requesting permanent injunctive relief must demonstrate (1) irreparable harm (here, a constitutional violation) and (2) actual success on the merits." *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012).

**DISCUSSION**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Warrantless searches conducted outside the judicial process are "*per se* unreasonable, subject to only a few specifically established and well-delineated exceptions." *City of Los Angeles v. Patel*, 576 U.S. 409, 419 (2015) (citation modified). One such exception is the administrative search exception:

> No warrant is necessary for administrative searches: those implicating special needs that make the warrant and probable-cause requirement impracticable, and where the primary purpose of the searches is distinguishable from the general interest in crime control. Warrantless administrative searches are permissible so long as their subjects have an opportunity for precompliance review, that is, an opportunity to challenge the search's reasonableness in front of a neutral decisionmaker before facing penalties for failing to comply.

*Hudson Shore Assocs. Ltd. P'ship v. New York*, 139 F.4th 99, 108 (2d Cir. 2025) (citation modified). Applying our binding precedent in *Hudson Shore*, we conclude that the TLC Rules are "valid under the Fourth Amendment because they authorize administrative searches for which [FHV companies] can obtain precompliance review using Article 78." *Id.* at 109.

The administrative search exception applies to the TLC Rules. First, the City has identified "special needs that make the warrant and probable-cause requirement impracticable." *Id.* at 108 (citation modified). In *Hudson Shore*, New York State sought to measure the availability of housing and analyze the need for regulation. *See id.* at 109. A warrant for each surveyed landlord was impracticable because New York State needed to "quickly collect data for hundreds or thousands of properties." *Id.* Here, the City seeks to identify drivers that are the subject of complaints, enforce the TLC's regulations, and help the TLC develop informed policies, including with respect to preventing fatigued drivers. As was true in *Hudson Shore*, a warrant is impracticable here because of the volume of trip records needed and because "the concept of probable cause has little meaning" outside of the "criminal investigatory context." *O'Connor v. Ortega*, 480 U.S. 709, 723 (1987).

Second, "the primary purpose of the searches is distinguishable from the general interest in crime control." *Hudson Shore*, 139 F.4th at 108. The TLC Rules were implemented "for the purpose of enforcing [the TLC's] regulatory scheme, including the driving fatigue rule," City Br. at 44, "ensuring that its licensed drivers are the safest on the road," "protecting the rights of consumers who file complaints," and "enabl[ing] the TLC to better develop informed policies governing FHV service," Joint App'x at 532. Again, because these purposes are not related to criminal investigations, "the concept of probable cause" is not useful and a warrant requirement would be impracticable. *O'Connor*, 480 U.S. at 723.

Third, Wheely has an adequate "opportunity for precompliance review." *Hudson Shore*, 139 F.4th at 108. As we have previously held, "Article 78 meets each of the requirements for precompliance review." *Id.* at 110. To succeed on a facial constitutional challenge, "a plaintiff must establish that a law is unconstitutional in all of its applications." *Patel*, 576 U.S. at 418 (citation modified). Wheely contends that it would not be able to bring an Article 78 proceeding until it had "receive[d] a summons for violating the [TLC] Rules" and exhausted TLC's administrative process, so an Article 78 proceeding cannot satisfy *Patel*. Wheely Br. at 50. In other words, just as the plaintiffs in *Hudson Shore* argued, Wheely asserts "that review will not be available fast enough." *Hudson Shore*, 139 F.4th at 110. But, as was true in *Hudson Shore*, "Article 78 allows [Wheely] to, in at least some circumstances, obtain review before being forced to choose between [complying] or facing a penalty." *Id.* at 111. Indeed, "Article 78 proceedings are characterized by a limited and expedited summary procedure." *Whitfield v. City of New York*, 96 F.4th 504, 520 (2d Cir. 2024) (citation modified). A FHV company that wishes to challenge any monthly reporting required under the TLC Rules may avail itself of interim relief during expedited Article 78 proceedings before any penalties are incurred for non-compliance. *See* N.Y. C.P.L.R. §7805 ("On the motion of any party or on its own initiative, the court may stay . . . the enforcement of any determination under review."). These measures are "enough to defeat any facial challenge" to the TLC Rules. *Hudson Shore*, 139 F.4th at 111.

Accordingly, Wheely's Fourth Amendment challenge to the TLC Rules fails.

Wheely's challenge under the New York Constitution, Article I, §12, also fails because nothing in the record suggests the TLC Rules "operate as a mere pretext for warrantless discovery of criminal activity." *Owner Operator Indep. Drivers Ass'n, Inc. v. New York State Dep't of Transp.*, 40 N.Y.3d 55, 69 (2023) (finding no violation of Article 1, §12, where the penalties for violation of a rule "are tied to noncompliance with the regulatory scheme itself, the goal of which is highway safety and not merely the enforcement of criminal laws").

We have considered all of Wheely's arguments and find them to be unpersuasive. The judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

